IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **LOTTIE THOMPSON-GROVES,** *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION 20-0061-WS-N |
| | ) |
| **SARALAND LOOP ROAD, LLC,** *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter comes before the Court on defendants' Joint Motion to Stay Proceedings (doc. 23). Plaintiffs have filed a Response (doc. 25) in opposition to the Motion.

Plaintiffs filed this public accommodations action under Title III of the Americans with Disabilities Act against the landlord and several tenants of a shopping center in Saraland, Alabama, on February 5, 2020. All defendants were served with process in mid-February 2020. (Docs. 5-9.) After this Court granted a series of extensions of time, defendants' answers or Rule 12(b) motions were due on or before May 15, 2020. (Docs. 13-14, 17, 20, 22.) In their timely Joint Motion, defendants now seek a 90-day stay of these proceedings, with a corresponding 90-day extension of their deadline for filing responsive pleadings. The stated justification for the request is that defendants have retained architects, have inspected the areas at issue, and have determined the scope of work needed to satisfy the requirements of the ADA, but require additional time "to complete their evaluations and remediation and eliminate any ADA barriers that are described in the Complaint." (Doc. 23, ¶ 5, PageID.201.) Defendants expressly represent to the Court that they believe "most or all of the alleged violations identified in Plaintiffs' Complaint can be remedied in the near future to the extent appropriate." (*Id.*, ¶ 4.)

For their part, plaintiffs oppose the Joint Motion. In so doing, they argue that "Defendants can evaluate their facilities and make remediations without staying the case" and that "in Plaintiffs' counsel's experience, half of the time with a stay Defendants remediate some of the barriers but not all." (Doc. 25, ¶¶ 5, 7, PageID.209.) On that basis, plaintiffs offer an

alternative proposal of a 60-day extension on the filing of responsive pleadings, with the case otherwise moving forward without delay in the interim.

The Court has no reason to believe that defendants are acting unreasonably or for purposes of undue delay.  Their request for additional time to complete remediation and elimination of ADA barriers that they contend will resolve "most or all of the alleged violations identified in the Plaintiffs' Complaint" appears calculated to advance the objectives of efficiency, judicial economy, and avoidance of unnecessary litigation or expenditure of resources.  If all or most of the case appears likely to be mooted or otherwise to go away by defendants' remedial activities, then it makes little sense as a matter of judicial or party resources to move forward with this litigation in the meanwhile.  Although the Court understands plaintiffs' frustration over the minimal progress of an action that commenced more than three months ago, these delays appear to be attributable in substantial part to the COVID-19 pandemic rather than to any foot-dragging by defendants.  From plaintiffs' standpoint, the marginal difference between the 60-day extension that they endorse and the 90-day stay sought by defendants appears slight, with little likelihood of plaintiffs sustaining prejudice under the latter option that they would not also incur under the former.  And plaintiffs' counsel's objection that other defendants in other cases have not properly availed themselves of stays to remediate fully the issues joined in a lawsuit says nothing about the motives and intentions of these defendants, or the likely benefits of a stay in this case.

For all of the foregoing reasons, the Court concludes that the requested stay will promote the objectives of efficiency and judicial economy, with no countervailing prejudice or unreasonable delay.  Accordingly, in the exercise of its discretionary authority, the Court **grants** defendants' Joint Motion to Stay.  This action is hereby **stayed** through and including **August 13, 2020**, at which time the stay will be lifted and this action will be restored to the active docket.  For cause shown, defendants' deadline for filing answers or other responsive pleadings is **extended** through and including **August 13, 2020.**  Because defendants have now been granted a cumulative total of more than five months of extensions, they are cautioned not to expect any further relaxation of the responsive pleading deadline.

DONE and ORDERED this 19th day of May, 2020.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE