IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LOTTIE THOMPSON-GROVES and WILLIAM GROVES,       ) | ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) CIVIL ACTION 20-0061-WS-N |
| SARALAND LOOP ROAD, LLC, *et al.*, | ) ) ) |
| Defendants. | ) |

**ORDER**

This matter comes before the Court on plaintiffs' filing styled "Plaintiffs' Motion for Extension of Time to Move to Reinstate the Action" (doc. 38).

On August 14, 2020, the undersigned entered a 30-Day Order (doc. 30) dismissing this action with prejudice, subject to the right of any party to move for reinstatement at any time within 30 days if the settlement agreement or other appropriate settlement documentation were not completed in the interim. Since that time, the Court has extended the reinstatement period on three occasions for a total interval spanning more than three months at plaintiffs' request, on the grounds that the parties required additional time to finalize their settlement documentation. (Docs. 33, 35, 37.) The most recent extension was set to expire on November 16, 2020. In the Order granting that extension, the Court indicated its understanding that "all that remains is defendants' execution of the settlement documents" and cautioned the parties that "the Court expects this to be the final enlargement of the deadline for any party to move for reinstatement of this action." (Doc. 37.)

Notwithstanding these circumstances, on November 12, 2020, plaintiffs filed a fourth Motion for Extension (doc. 38), using an incorrect style of the case. In that Motion, plaintiffs provide no substantive update and make no showing of diligence or good cause that might explain why they have been unable to obtain defendants' signatures on the settlement papers during the most recent 20-day extension; rather, they simply state in the most general of terms

that the parties "are actively working to finalize the settlement documentation" and request another 30 days in which to do so.  (Doc. 38, ¶¶ 2-3.)

In light of this minimal showing and the prior warning that the parties should not expect further enlargements of the reinstatement period, the Court in its discretion **grants** the Motion in part, and **denies** it in part. The deadline for any party to move for reinstatement of this action to the active docket for failure to consummate the settlement agreement is **extended** through and including **December 1, 2020**.  Any further motions for extension of the reinstatement period may be summarily denied unless they contain a specific showing that the parties have been unable to finalize their settlement documents in the interim despite diligence and good faith.

DONE and ORDERED this 16th day of November, 2020.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE